UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HELEN A. ELROD, ) | CASE NO. 1:16 CV 1902 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| GREEN TREE SERVICING, LLC, ) | AND ORDER |
| ) | |
| Defendant. ) | |

INTRODUCTION

Plaintiff Helen A. Elrod ("plaintiff") brings this action against Defendant Green Tree Servicing, LLC ("defendant"), asserting claims for breach of contract and unjust enrichment. She seeks damages and declaratory relief. Now before the Court is defendant's unopposed Motion to Dismiss Plaintiff's Complaint (Doc. 5). For the reasons that follow, the motion is GRANTED.

FACTS

For purposes of ruling on the pending motion, the Court presumes that the allegations contained in the complaint and related documents are true. In 2005, plaintiff executed a promissory note and mortgage secured by the real property located at 5915 Brookside Road in Independence, Ohio. Plaintiff subsequently filed for Chapter 7 bankruptcy protection,

identifying Bank of America, N.A. as the creditor holding her mortgage.  Plaintiff did not indicate in her bankruptcy filings that she disputed Bank of America's claim.  The mortgage was assigned by Bank of America to defendant in 2013.

STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir.1999).  The complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review.  *Fingers v. Jackson–Madison County General Hospital District*, 101 F.3d 702 (6th Cir. Nov.21, 1996), unpublished.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489–490 (6th Cir.1990).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

ANALYSIS

1. Breach of Contract

      Defendant argues that Count One should be dismissed because the claim does not set forth the elements of a breach of contract claim, and is simply conclusory.  Defendant further argues that, because plaintiff seeks to challenge the validity of the assignment of plaintiff's mortgage to defendant, this contradicts the proposition that the parties herein had a contract capable of being breached.  Finally, defendant points out that the terms of the mortgage plaintiff signed permits successors and assigns to enforce its terms.

2.  Unjust Enrichment

      Defendant similarly argues that plaintiff's claim of unjust enrichment is conclusory and lacks merit.  In particular, the equitable action for unjust enrichment requires that plaintiff conferred a benefit on defendant and suffered a detriment in doing so.  Further, defendant argues, a claim of unjust enrichment is not available when the parties' relationship is governed by an express contract.  Plaintiff's assertion that the assignment of her mortgage and note were invalid, defendant contends, does not invalidate the underlying mortgage and note or her obligations pursuant to those documents.

3.  Judicial Estoppel

      Finally, defendant points out that plaintiff's bankruptcy petition did not disclose any claims concerning the validity of the mortgage.  Having failed to raise the issue when she filed bankruptcy, they argue, the doctrine of judicial estoppel precludes her from doing so now.

CONCLUSION

      The Court finds defendant's arguments in support of its motion to dismiss are well taken. Accordingly, Defendant's Motion to Dismiss Complaint under Fed.R.Civ.P. 12(b)(6) (Doc. 5) is

GRANTED.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          UNITED STATES DISTRICT JUDGE

Dated: 9/14/16